**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Tilley,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Phoenix; Police Standards Bureau; Cynthia P. Gonzalez; Glen Caroner & Unknown Parties<br><br>    Defendants. | No. CV-11-1321-PHX-LOA<br><br>**NOTICE OF ASSIGNMENT AND ORDER** |

    Pursuant to Local Rule ("LRCiv") 3.8(a), Rules of Practice, effective December 1, 2010, all civil cases are, and will be, randomly assigned to a United States district judge or to a United States magistrate judge. This matter has been assigned to the undersigned United States Magistrate Judge.

    As a result of the aforementioned Local Rule and assignment, if all parties consent in writing, the case will remain with the assigned Magistrate Judge pursuant to Title 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge. To either consent to the assigned Magistrate Judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed. The

---

[1]The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the

party filing the case or removing it to this District Court is responsible for serving all parties with the consent forms. Each party must file a completed consent form and certificate of service with the Clerk of the Court not later than 14 days after entry of appearance or as otherwise directed by the Court, and shall serve a copy upon all other parties of record in the case.

Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences. Title 28 U.S.C. § 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction" under Title 28 U.S.C. §636©). "A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge." *Dixon v. Ylst,* 990 F.2d 478, 479 (9th Cir. 1993) (citing *Pacemaker Diagnostic Clinic of Am., Inc. V. Instromedix, Inc.,* 725 F.2d 537, 541 (9th Cir. 1984) (*en banc*)).

A review of the Court's file indicates that Plaintiff's Complaint was filed on July 1, 2011. Plaintiff shall have to and including **Friday, July 22, 2011** within which to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

Even though this Court recognizes the significant challenges a non-lawyer, *pro se* litigant may have in representing himself, the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct 2441, 2446 (2004). Requiring trial judges to explain the details of federal procedure or act as the *pro se's* counsel "would undermine district judges' [or magistrate judges'] role as impartial decisionmakers." *Id.*

---

consent/election form on the District's web site, click on "Operations & Filing" at the top of the page, then click on "Forms" and then click on and print the appropriate form. Consent/election forms are not to be e-filed. Consent/election forms are to be filed in paper form with the Clerk's Office. ECF Policies and Procedure Manual, II, ¶ N at p.24

After reviewing Plaintiff's Complaint, the Court concludes that it fails to comply with several components of Rule 8(a) of the Federal Rules of Civil Procedure. Therefore, in order to proceed, Plaintiff must amend his Complaint to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a) and (d), FED.R.CIV.P., provide:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

\*      \*      \*      \*      \*

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

The Court advises Plaintiff that although a *pro se*'s pleadings may be held to a less stringent standard than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, *pro se* litigants "must meet certain minimal standards of pleading." *Holsey v Collins*, 90 F.R.D. 122, 128 (D. Md., 1981) (citing *Arey v Harris*, No. 74-2360 (4th Cir. 1975) and stating that *pro se* litigants "must adhere to the rudimentary dictates of civil procedure.").

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations and emphasis omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Federal Rule of Civil Procedure 8(a), after *Twombly* and *Iqbal*, requires a short and plain statement providing factual evidence that logically leads to a plausible claim for relief. Plaintiff has not provided such a statement. Instead, the Complaint appears to be more aptly described as stream-of-consciousness writing. Plaintiff asserts instances of rape, insanity, discrimination and police reports; he is not clear as to whom these apply or how they add to his claim(s).

Plaintiff simply provides the Court with a series of events and opinions that equate to "recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. These statements "do not suffice." *Id.* Plaintiff asks for two-million dollars, but it is unclear to the Court why he seeks such relief. Plaintiff also explains that he wants to press "criminal charges," but this is not a claim for relief and the U.S. Attorney's Office and the Department of Justice have the exclusive authority to initiate criminal charges in federal courts.

Clearly, Complaint does not satisfy the "short and plain statement" of facts required by Federal Rule of Civil Procedure 8(a), showing a clear basis for a defendant's

1 liability. Therefore, the Court will order Plaintiff to amend his Complaint to allege a claim
2 with a short plain statement of facts establishing a plausible claim, in accordance with Fed.
3 R. Civ. P. 8(a) and Local Rule ("LRCiv") 7.1. The Court also notes that while it is not
4 mandatory, it is recommended that Plaintiff use a typewriter or word-processor to draft his
5 Amended Complaint and other filings so that they are more legible.

6       Accordingly,

7       **IT IS ORDERED** that Plaintiff shall file on or before **Friday, July 22, 2011**
8 his written election to either consent to magistrate judge jurisdiction or elect to proceed
9 before a United States district judge.

10       **IT IS FURTHER ORDERED** that on or before **Friday, July 22, 2011,**
11 Plaintiff shall file an Amended Complaint in compliance with Rule 8(a), Fed.R.Civ.P., and
12 LRCiv 7.1 which shall contain a short and plain statement of his factual allegations against
13 the Defendant, and of each of these, specify the District Court's jurisdictional basis, and
14 clarify the federal or state statute(s), if any, upon which Plaintiff is relying to support his
15 claim(s).

16       **IT IS FURTHER ORDERED** that the failure to comply with these orders,
17 and any of them, may result in the dismissal of Plaintiff's Complaint without prejudice
18 pursuant to Rule 12(b)(6), Rule 41, Fed.R.Civ.P., or pursuant to the Court's inherent power.
19 *Ferdik v. Bonzelet*, 963 F.2d 1258,1260 (9th Cir. 1992) (trial courts have the inherent power
20 to control their dockets and in the exercise of that power they may impose sanctions
21 including, where appropriate, dismissal of a case),

22       **IT IS FURTHER ORDERED** directing the Clerk of the Court to provide the
23 Plaintiff with a copy of "Filing A Complaint In Your Own Behalf."

24       **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
25 shall hereinafter comply with the Rules of Practice for the United States District Court for
26 the District of Arizona, as amended on December 1, 2010. The District's Rules of Practice
27 may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other
28 rules may be found as www.uscourts.gov/rules/.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall use the above caption, number and initials until further order of the Court.

Dated this 7th day of July, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge