WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald Tilley, | ) | |
| Plaintiff, | ) ) ) | No. CV-11-1321-PHX-LOA |
| vs. | ) ) | **ORDER** |
| City of Phoenix; Police Standards Bureau; Cynthia P. Gonzalez; Glen Caroner & Unknown Parties, | ) ) ) ) | |
| Defendants. | ) ) | |

*Pro se* Plaintiff commenced this lawsuit on July 1, 2011. (Doc. 1) That same day, the case was randomly assigned to Magistrate Judge Lawrence O. Anderson. (Doc. 3) On July 7, 2011, Judge Anderson took under advisement Plaintiff's request for *IFP* status because Plaintiff failed to fully answer all the questions on the application to Proceed *IFP* Plaintiff was ordered to refile the *IFP* form fully completed or pay the filing fee of $350.00 on or before July 20, 2011. (Doc. 4)

Further, on July 7, 2011, Judge Anderson issued a Notice of Assignment and Order, directing Plaintiff to submit on or before July 22, 2011: (1) his written election to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a United States district judge, and file (2) a First Amended Complaint in compliance with Rule 8(a) and (d), Fed.R.Civ.P., and LRCiv.7.1.

As explained in detail in Judge Anderson's July 7, 2011 order, the First Amended Complaint must contain a short and plain statement of Plaintiff's factual and legal allegations that establish a "plausible claim" against each Defendant, consistent with *Twombly* and *Iqbal*; specify the District Court's jurisdictional basis; and clarify the federal and state statute(s), if any, upon which Plaintiff is relying to support his claim(s).

"It is well established that '[d]istrict courts have inherent power to control their docket.'" *Ready Transportation, Inc., v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Id.* (citing, among others, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586-87, 588 (9th Cir. 2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224-26 (9th Cir. 2005) (upholding a district court's grant of a motion to strike deposition corrections and a declaration as a sanction when a party had violated Fed.R.Civ.P. 30(e)).

A district court's inherent power also permits it to dismiss an entire action to rein in abusive conduct. *Atchison*, 146 F.3d at 1074 (recognizing inherent power to dismiss an action to sanction abusive conduct such as judge-shopping or failure to prosecute). This inherent power, however, "must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Ready Transp., Inc.*, 627 F.3d at 404-405 (citing *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986) (*per curiam*) (requiring a district court to weigh, among other factors, "the availability of less drastic sanctions" before resorting to dismissal as a sanction).

In his July 29, Order to Show Cause, doc. 7, Judge Anderson forewarned Plaintiff that, pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v. Bonzelet*, 963 F.2d

- 2 -

1258, 1260 (9th Cir. 1992), trial courts have the inherent power to control their dockets and, in the exercise of that power, may impose sanctions including, where appropriate, dismissal of a case with or without prejudice. *See also*, *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (citing cases); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (district court may "fashion appropriate sanction for conduct" including "outright dismissal."). "The threat of sanctions promotes compliance with a court's orders even if the sanctions threatened are never imposed." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152, 211 P.3d 16, 30 (Az.Ct.App. 2009) (concluding the trial court did not abuse its discretion in striking plaintiff's reply, dismissing his cross-claim, and entering judgment in favor of defendant) (collecting federal and state cases of dismissals for failure to comply with court orders).

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "'disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)); *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (The public interest "in expeditious resolution of litigation," a court's need to manage docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the merits, availability of lesser sanctions, bad faith of violating party, relationship between conduct and merits justify sanction); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party, prejudice to other party, history of dilatory conduct, willfulness or bad faith, other sanctions, merits of claim or defense).

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the

CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just, *speedy* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177, (1979) (emphasis in original). Plaintiff's failures to timely comply with Judge Anderson's July 7 and 29, 2011 orders are frustrating the speedy and inexpensive resolution of this case.

In determining whether to dismiss a case for failure to comply with court orders, district courts weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61. Plaintiff's failures to comply with court orders are frustrating the Court's responsibilities mandated by Rule 1, FED.R.CIV.P.,and the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.*, such as, "setting early, firm trial dates, such that the trial is scheduled to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28 U.S.C. § 473(a)(2) (emphasis added). Plaintiff's *pro se* status does not discharge his obligation to "abide by the rules of the court in which [they] litigate[]." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

After considering the adequacy of lesser sanctions, Plaintiff has been forewarned that sanctions may be imposed and weighing all five *Ferdik* factors to determine if dismissal is appropriate due to Plaintiff's failure to comply with prior court orders, the Court concludes that dismissal of Plaintiff's Complaint *without prejudice* is appropriate and just under the circumstances of this case.

| | |
|---|---|
| 1 | Pursuant to General Order 11-3 (Dismissal of a Civil Case Assigned to a United States Magistrate Judge Absent Voluntary Consent by the Parties Under 28 U.S.C. § 636(c)(1)), |

Pursuant to General Order 11-3 (Dismissal of a Civil Case Assigned to a United States Magistrate Judge Absent Voluntary Consent by the Parties Under 28 U.S.C. § 636(c)(1)),

**IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without prejudice. The Clerk is kindly directed to terminate this case.

DATED this 11th day of August, 2011.

_____
Stephen M. McNamee
United States District Judge